UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA A.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　Defendant. | CASE NO. C19-6087-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ erred by discounting her testimony and four medical opinions and failing to account for her fibromyalgia. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 49 years old, has a high school education, and has worked as a house worker. Tr. 25. She applied for benefits in September 2016 and alleges disability as of the application date. Tr. 15, 89. After conducting a hearing in September 2018, the ALJ issued a decision in October 2018 finding Plaintiff not disabled. Tr. 83-118, 15-27. The ALJ found Plaintiff had severe medically determinable impairments of essential hypertension, depressive disorder, and

1 anxiety disorder, but found fibromyalgia was not a medically determinable impairment.  Tr. 18-
2 19.  The ALJ found Plaintiff could perform light work with additional postural and
3 environmental limitations, further limited to simple work with pace and social interaction
4 limitations.  Tr. 20-21.  While Plaintiff could not perform her past work, she could perform other
5 work found in significant numbers in the national economy.  Tr. 24-26.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Fibromyalgia**

Plaintiff contends the ALJ failed to adhere to Social Security Ruling 12-2p in excluding fibromyalgia as a medically determinable impairment at step two.  Dkt. 10 at 3.  However, Plaintiff acknowledges the evidence in the record only satisfied two out of three requirements to establish fibromyalgia as a medically determinable impairment.  *Id.* at 4.  Plaintiff argues because her fibromyalgia was established long ago her treating providers had "no reason to confirm" the diagnosis and, if the evidence was inadequate, the ALJ had a duty to develop the record further.  *Id.* at 5.  But the duty to develop the record is not unlimited.  "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001).  The record shows when Plaintiff began care in October 2015 her treating provider assessed fibromyalgia without documenting any past or current supporting evidence.  Tr. 443-46.  The ALJ was not required to follow a nonexistent trail of evidence.  A

claimant bears the burden to provide proof she is disabled.  20 C.F.R. § 416.912(a).  Plaintiff has not done so here.

On reply, Plaintiff argues the ALJ insufficiently explained her reasoning.  Dkt. 12 at 2-3.  The ALJ stated the "diagnos[i]s of fibromyalgia … do[es] not satisfy SSRs 12-2p … to be considered [a] medically determinable impairmen[t]."  Tr. 19.  SSR 12-2p sets forth clear criteria, which Plaintiff concedes she did not meet.  Whether or not the ALJ could have explained her decision with greater clarity, her reasoning can be reasonably discerned.

Plaintiff further argues, regardless of the step two determination, the ALJ was required to include limitations based on fibromyalgia.  Dkt. 12 at 4.  Plaintiff is incorrect.  "In determining a claimant's residual functional capacity, the ALJ must consider all of a claimant's medically determinable impairments, including those that are not severe."  *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014).  But an ALJ need not consider impairments that are not medically determinable.

The Court concludes the ALJ did not err by excluding fibromyalgia at step two or failing to address related limitations.

**B.      Medical Opinions**

**1.      Jo Bauer, ARNP**

An ALJ may reject the opinion of an "other" medical source, such as a nurse, by giving reasons germane to the opinion.  *Ghanim,* 763 F.3d at 1161.  The ALJ discounted Ms. Bauer's July 2016 opinions because she was not an acceptable medical source, the final issue of disability is reserved to the Commissioner, and her "extreme" opinion was "out of proportion" to her treatment notes.  Tr. 23.  The first two reasons are erroneous.  An ALJ must consider all opinions, including those from non-acceptable medical sources.  *See* 20 C.F.R. § 416.927(f).

1  And Ms. Bauer's opinion Plaintiff's impairments markedly interfered with all exertional and
2  postural activities was a medical determination, not an issue reserved to the Commissioner.  Tr.
3  417.

4  Ms. Bauer supported her opinions by citing "very slow movement and sensitiv[ity] to
5  touch" and noted "no labs are relevant to the d[iagnosis]" of fibromyalgia.  Tr. 417.  Ms. Bauer's
6  treatment notes, however, do not document slow movement or sensitivity to touch, and
7  fibromyalgia was not a medically determinable impairment.  While few objective clinical
8  findings were recorded, all physical findings were normal.  Tr. 409, 414, 422, 426, 434, 438,
9  442, 445-46.  Inconsistency with her own treatment records was a germane reason to discount
10  Ms. Bauer's opinions.

11  **2.     Beth Liu, M.D.**

12  As an initial matter, Plaintiff contends Dr. Liu's April 2017 opinion is uncontradicted
13  because it is only contradicted by nonexamining doctors, and thus can only be rejected for "clear
14  and convincing" reasons.  *See Trevizo*, 871 F.3d at 675.  But when contradicted by "another
15  doctor's opinion," even a nonexamining doctor's opinion, an ALJ need only provide "specific
16  and legitimate" reasons.  *Id.* at 675, 676 (where treating physician's opinion was inconsistent
17  with nonexamining physician's opinion, "specific and legitimate" standard was applied).  The
18  "specific and legitimate" standard applies here.

19  The ALJ erred by discounting Dr. Liu's opinion Plaintiff could sit three hours, stand two
20  hours, and walk two hours per day because it amounted to a conclusion Plaintiff was disabled.
21  Tr. 23.  A determination of the number of hours per day Plaintiff can sit, stand, or walk is a
22  medical determination.  The fact that it has vocational implications does not change its
23  essentially medical nature.

The ALJ also discounted Dr. Liu's opinions because her abnormal findings were "an aberration within the record." Tr. 23. Dr. Liu found muscle tenderness and tightness, and decreased spine, neck, hip, knee, and shoulder range of motion. Tr. 483-84. The medical records the ALJ cited did not include these musculoskeletal assessments and thus did not conflict with Dr. Liu's findings or opinions. *See* Tr. 406-46, 465-80, 572-609.

The Court concludes the ALJ erred by discounting Dr. Liu's opinions without a specific and legitimate reason.

### 3. Peter Meis, M.D.

Dr. Meis examined Plaintiff in April 2017 and opined Plaintiff's "ability to maintain regular attendance in the workplace is poor" and "ability to interact with coworkers and the public … is poor." Tr. 491. The ALJ gave Dr. Meis' opinions "some weight," finding they were "vague and … not expressed in vocationally relevant terms." Tr. 24. However, the ALJ interpreted Dr. Meis' opinions as "generally consistent" with the record and the RFC. *Id*.

Abilities to attend work and interact with coworkers are vocationally relevant. The Commissioner interprets the ALJ's statement to mean terms like "poor" were unhelpful because Dr. Meis "did not explain what these unfamiliar terms meant functionally." Dkt. 11 at 10. "Poor" is an ordinary, familiar word. It is an ALJ's role to translate medical opinions into an RFC formulation "consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The ALJ imposed no restriction reflecting Dr. Meis' opinion of "poor" attendance, yet the RFC contains limits reflecting his opinion of "poor" ability to interact with coworkers and the public. *See* Tr. 491, 21 (Plaintiff can have no public contact and occasional coworker contact). Failure to either incorporate the attendance limitation or provide reasons to reject it was error. *See Garrison v. Colvin*, 759 F.3d

995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion …, he errs."). On remand, the ALJ should reevaluate Dr. Meis' opinion regarding poor attendance.

### 4. Curtis G. G. Greenfield, Psy.D.

Dr. Greenfield examined[1] Plaintiff in August 2015 and opined only mild and moderate limitations in work-related abilities. Tr. 398. Dr. Greenfield reexamined Plaintiff in July 2016 and opined marked limitations in nearly all work-related abilities. Tr. 393. The ALJ gave both opinions "little weight," rejecting marked limitations because Plaintiff "improves with counseling and medication management." Tr. 24. The Commissioner does not defend the ALJ's reasoning, but offers *post hoc* analyses suggesting Plaintiff's activities contradicted Dr. Greenfield's marked limitations. Dkt. 11 at 10. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). In the entire decision, the ALJ cited only two records in support of finding improvement. *See* Tr. 22 (citing Tr. 496), 23 (citing Tr. 511). One reports "no increase in her current symptoms" but indicates no decrease, and reported continuing to "not wan[t] to go outside her house or anywhere [there are] people." Tr. 496. The other record shows "[p]rogress made toward measurable outcome" but no improvement that would contradict Dr. Greenfield's opined marked limitations. Tr. 511. The ALJ erred by discounting Dr. Greenfield's opinions based on improvement with treatment.

The Court concludes the ALJ erred by discounting Dr. Greenfield's opinions without a specific and legitimate reason.

---

[1] As the Commissioner concedes, the ALJ erred by finding Dr. Greenfield was "not an examining source." Tr. 24.

### C. Plaintiff's Testimony

The ALJ discounted Plaintiff's testimony of mental impairments based on improvement with treatment. Tr. 23. Evidence that treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders' … can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H (2014)). Here, however, there is no evidence Plaintiff improved to a level that permits work or contradicts her testimony. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). The ALJ erred by discounting Plaintiff's testimony based on improvement with treatment.

The ALJ's finding Plaintiff "engages in counseling only because it was required" was not supported by substantial evidence. Tr. 23. The ALJ cited a single counseling note where Plaintiff said she did not want to come "today" because she was sick. Tr. 528. This does not support a finding of general resistance to mental health treatment.

Finally, the ALJ found Plaintiff's attendance at social gatherings and a casino contradicted her claims of difficulty being around others. Tr. 23 (citing Tr. 545, 549). Plaintiff contends she only went to a casino on one occasion but a treatment note shows she reported going "[s]ometimes," which the ALJ rationally interpreted as more than once. Tr. 545. The other note the ALJ cited showed Plaintiff "didn't go to [her] niece's wedding" and attended "two social gatherings this month[, which was] more than [she had] done in years." Tr. 549. Taken together, this is sufficient to discount Plaintiff's testimony that "any kind of gathering" is difficult. Tr. 100.

The ALJ acknowledged Plaintiff's testimony of pain and limitations in sitting, standing, and walking but provided no reason to discount it. Tr. 22. The Commissioner offers several *post hoc* analyses on which this Court may not rely. *See* Dkt. 11 at 11. The ALJ erred by failing to either provide reasons to discount Plaintiff's physical symptom testimony or incorporate it into the RFC.

On remand, the ALJ should reevaluate Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate Dr. Liu's, Dr. Meis', and Dr. Greenfield's opinions and Plaintiff's testimony, develop the record and reassess the RFC as appropriate, and proceed to step five as necessary.

DATED this 19th day of May, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge